IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA HEILIG and WARD HEILIG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-4111-JPG |
| | ) | |
| COOPERATIVE BENEFIT ADMINISTRATION, Inc. and ACCENT INSURANCE RECOVERY SOLUTIONS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Contempt (Doc. 21). In that motion, Defendants request this Court to hold Plaintiffs Barbara and Ward Heilig and their Attorney, C. Tony Davis, in contempt of this Court's Judgment of October 17, 2005. In the alternative, Defendants request that this Court enter an order for Plaintiffs and their attorney to show cause why they should not be held in contempt. Defendants have also filed a Motion for Attorneys' Fees, Expenses, and Prejudgment Interest (Doc. 19).

At the outset, the Court notes that Defendants request that contempt be entered against Plaintiffs and their attorney under F.R.Civ.P. 70. This rule covers judgments directing "a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act." In this case, the judgment ordered Plaintiffs to "reimburse the National Rural Electric Cooperative Association Medical Plan in the amount of $157,807.54." As this is a judgment directing the payment of money, enforcement of such judgment should be conducted pursuant to F.R.Civ.P. 69(a). Under that Rule, the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." F.R.Civ.P. 69(a). Unless a federal statute applies, the procedure on execution shall be that of the state in which the district sits.

F.R.Civ.P 69(a).

The Court finds that a contempt order is not an appropriate method to enforce its judgment at this time.  In the first place, Defendants request this Court to find Plaintiffs' attorney in civil contempt to the extent that he is holding certain proceeds in his firm's trust account.  Nothing in the record indicates that such is the case, and in any event, such a provisional contempt order seems a rather blunt instrument at this juncture.  Second, there is some precedent which suggests that the enforcement of a money judgment through the issuance of a contempt order is inappropriate absent special circumstances.  *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983).  At this point, the Court believes something in the nature of a citation to discover assets would be more appropriate.  The Court is cognizant of the fact that Plaintiffs and their attorney have not responded to this action in any meaningful way, and the court also recognizes the possible futility of taking this course.  However, should Plaintiffs and their attorney fail to comply with subsequent proceedings ordered pursuant to a citation to discover assets, contempt would then become an appropriate means of enforcing the judgment.  *See* 735 ILCS 5/2-1402; *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494-95 (7th Cir. 1990).  For the foregoing reasons, Defendants' Motion for Contempt is **DENIED without prejudice.**  Further, Plaintiffs are **DIRECTED to SHOW CAUSE** on or before **Wednesday December 21, 2005** why the merits of the Defendants' motion for Attorneys' fees, Expenses, and Prejudgment Interest should not be deemed admitted in light of their failure to respond.  See S.D. Ill. Local R. 7.1.  If Plaintiffs fail to respond to this order Defendants' motion will be granted**.**

IT IS SO ORDERED.

Dated: December 14, 2005.

    __/s/ J. Phil Gilbert_____
    J. PHIL GILBERT
    U.S. District Judge